**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**RALPH ERVIN CRUTCHFIELD**                                                     **PETITIONER**
**ADC# 131669**

**VS.**                  **CASE NO.: 5:14CV00148 KGB/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                    **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding believed to be incorrect and must describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.  Background**

On April 22, 2014, Petitioner Ralph Ervin Crutchfield filed the pending petition for writ of habeas corpus. (docket entry #1) In the petition, he alleges a number of constitutional deficiencies with his conviction. (#1) Respondent, Arkansas Department of Correction Director Ray Hobbs, contends that the petition is time-barred. (#5) For the reasons explained below, the Court will recommend that Judge Baker DISMISS Mr. Crutchfield's petition, with prejudice.

On August 25, 2004, a Pulaski County, Arkansas jury found Mr. Crutchfield guilty of aggravated robbery and commission of a felony with a firearm. (#1, pp. 32-33) On August 27, 2004, Mr. Crutchfield pleaded guilty to a second aggravated robbery charge, again in Pulaski County Circuit Court. Mr. Crutchfield does not appear to challenge his second conviction. He does challenge, however, the validity of a waiver of appeal he executed on August 30, 2004, after his second conviction. (#1, p. 5, 14)

As a result of the convictions, the Circuit Court of Pulaski County sentenced Mr. Crutchfield to 300 months in prison for his first conviction and 360 months in prison for the second conviction. Due to his appeal waiver, Mr. Crutchfield did not file a direct appeal. (#5-3) He did file, however, file a "Petition for Evidentiary Hearing for Rule 37"

2

on October 23, 2006. (#5-4, pp. 1-2) The trial court denied the petition, as untimely filed, on October 27, 2006. (#5-5, pp. 1-3) It does not appear that Mr. Crutchfield appealed the denial of his state Rule 37 petition.

According to Respondent Hobbs, Mr. Crutchfield filed a state habeas petition in 2012. By 2012, however, the one-year limitations period for filing the pending federal petition had long since expired.

**III. Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254. The limitations period begins to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, Mr. Crutchfield was found guilty on his first charge on August 25, 2004, and entered a guilty plea to the second charge on August 27, 2004. Mr. Crutchfield did not appeal and, generally speaking, could not have appealed because he executed an appeal waiver regarding his first conviction and entered a guilty plea for his second conviction. (#5-3) See ARK.R.APP.P.– CRIM. 1(a)(generally no right to appeal from a guilty plea). Even if he could have appealed, the time to appeal would have expired thirty days after the entry of judgment. ARK.R.APP.P.– CRIM. 2(a)(1). The Pulaski County

Circuit Court Clerk entered Mr. Crutchfield's judgment on September 3, 2004. (#1, p. 32)

In any event, because Mr. Crutchfield did not appeal, his convictions became final on October 4, 2005, at the latest.[1] Mr. Crutchfield waited to file the pending petition until April 22, 2014 – almost nine years after his conviction became final. His claims are barred by the one-year statute of limitations, unless the limitations period can be tolled.

A. *Statutory Tolling*

The time during which a properly filed application for State postconviction or other collateral review is pending does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). Mr. Crutchfield filed an untimely "Petition for Evidentiary Hearing for Rule 37" on October 23, 2006. He failed to file a timely appeal of the denial of his petition. Thus, even if his original petition had been timely, the limitations period would have been tolled only between October 23 and 27, 2006, while his petition was pending. The limitations period began to run again, at the very latest, on October 28, 2006. See *Evans v. Chavis*, 546 U.S. 189, 197, 126 S. Ct. 846, 852 (2006)(only a timely appeal tolls the AEDPA's one-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court).

---

[1] Assuming this date to be correct affords Mr. Crutchfield the benefit of any doubt and marks the expiration of the time he had to seek review from the judgment and commitment order. See *Gonzalez v. Thaler*, __U.S.__, 132 S.Ct. 641, 653-654 (2012) (judgment becomes final when a petitioner's time for seeking review in state court expires).

Mr. Crutchfield did not timely file any other postconviction applications that would provide a basis for statutory tolling. By the time he filed his 2012 state habeas petition, the one-year limitations period to file a federal petition had already lapsed. "The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired." *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006)(citing *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003)). Accordingly, Mr. Crutchfield's claims are barred unless saved by equitable tolling.

    B.    *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010). But a petitioner invoking equitable tolling bears the burden of establishing that he has pursued his rights diligently, but that some extraordinary circumstance stood in the way of a timely filing. *Id*. at 2562 (citing *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). While equitable tolling is a recognized exception to the one-year limitations period, it affords an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

Mr. Crutchfield argues that two affidavits, signed on December 19, 2013, and January 5, 2014, provide new evidence of his actual innocence that could not have been previously discovered. (#1, pp. 4, 16-17) At most, the affidavits raise the possibility that a co-defendant lied during trial about the extent of Mr. Crutchfield's involvement in the

crime. (#1, pp. 16-17)  As Respondent points out, however, if the co-defendant lied about the extent of Mr. Crutchfield's involvement in the robbery, Mr. Crutchfield would have known this at the time of the testimony.  Because Mr. Crutchfield was aware of the factual predicate of this claim almost ten years ago, he is not entitled to equitable tolling under 28 U.S.C. § 2244(d)(1)(D).

In addition, Mr. Crutchfield has failed to show he has been diligently pursuing his rights.  Without a showing of diligence, equitable tolling is not available.  See *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009)("We will decline to apply the doctrine of equitable tolling if a habeas petitioner has not diligently pursued his rights.").  Mr. Crutchfield's claims are not saved by equitable tolling.

    C.    *Actual Innocence*

Mr. Crutchfield appears to argue that he is actually innocent, but he fails to support this assertion.  (#1, pp. 4, 15)  The Supreme Court of the United States has held that actual innocence, when proved, allows a petitioner to overcome expiration of the AEDPA's one-year limitations period.  *McQuiggin v. Perkins*, __U.S.__, 133 S. Ct. 1924, 1928 (2013).  To make a threshold showing of actual innocence, however, a petitioner must show that, in light of new evidence, no reasonable jury would have found him guilty beyond a reasonable doubt.  *Id*. (citations omitted).  Even under *McQuiggin*, diligence and the timing of a petition are to be considered in determining whether a petitioner has made a convincing showing of actual innocence.  *Id*. at 1936.

The affidavits provided by Mr. Crutchfield fall short of showing actual innocence. To be credible, a claim of actual innocence requires a petitioner to support his allegations with "reliable evidence whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995).

The affidavits provided by Mr. Crutchfield are hearsay statements made by relatives, and they do not specifically challenge any of the material evidence that supported his conviction. (#1, pp. 16-17) The affidavits, at most, question a co-defendant's testimony that Mr. Crutchfield got out of a car and shot at the robbery victim. Other evidence, the victim's testimony, and the circumstances surrounding Mr. Crutchfield's arrest placed Mr. Crutchfield in close proximity to the crime and in association with those who committed the robbery, which is sufficient for at least accomplice liability. *Riley v. State*, 2009 Ark. App. 613, 343 S.W.3d 327, 331 (2009). There is no distinction in Arkansas between the criminal liability of principals and accomplices. *Id*. Even if the affidavits had called into question material evidence, they are not the type of "reliable evidence" necessary to show actual innocence.

### IV.    Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr.

Crutchfield has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Here, Mr. Crutchfield has not provided any basis for issuing a certificate of appealability.

**V.    Conclusion**

Mr. Crutchfield's petition is time-barred. For that reason, the Court recommends that Judge Baker dismiss Mr. Crutchfield's petition for writ of habeas corpus, with prejudice. And because there is no substantial showing that Mr. Crutchfield was denied a constitutional right, the Court further recommends that Judge Baker decline to issue a certificate of appealability.

DATED this 2nd day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE