IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RALPH ERVIN CRUTCHFIELD                                                                 PETITIONER
ADC #131669

v.                        Case No. 5:14-cv-148-KGB-BD

RAY HOBBS, Director,
Arkansas Department of Correction                                                       RESPONDENT

## ORDER

The Court has reviewed the Recommended Disposition ("Recommendation") filed by Magistrate Judge Beth Deere (Dkt. No. 6). In addition, the Court has considered petitioner Ralph Ervin Crutchfield's objections to the Recommendation and has reviewed *de novo* those portions of the record relating to Mr. Crutchfield's objections. After careful consideration, this Court adopts the Recommendation as its own. Mr. Crutchfield's petition for writ of habeas corpus is denied and dismissed with prejudice (Dkt. No. 1).

The Court writes separately to address Mr. Crutchfield's objections and pending motions. First, Mr. Crutchfield objects to Judge Deere's finding that he is not entitled to equitable tolling. Mr. Crutchfield provides some evidence to support his claim that he did not obtain a trial transcript until February 2010, despite diligently trying to do so. However, even if the Court credits this evidence and determines this constituted an extraordinary circumstance such that equitable tolling applied until February 2010, and his limitations period began in February 2010, Mr. Crutchfield did not file a state habeas petition until 2012 and the pending petition until April 22, 2014, both long after the one-year limitations period would have run. *See* 28 U.S.C. § 2254(d)(1).

Second, citing *Martinez v. Ryan*, 132 S. Ct. 1309 (2010), which allows a federal habeas court to find cause to excuse a procedural default if particular circumstances are shown, Mr. Crutchfield appears to argue that his failure to file the pending petition between 2010 and 2014 was caused by inadequate assistance of counsel. However, even if Mr. Crutchfield met the requirements for the *Martinez* exception to his alleged procedural default, Judge Deere recommended that the pending petition be dismissed based on Mr. Crutchfield's failure to file it within the one-year limitations period. *Martinez* did not change the statute of limitations for federal habeas petitions under 28 U.S.C. § 2244(d)(1) and thus does not provide an exception to this requirement. *See, e.g.*, *Aaron v. Hobbs*, No. 5:12-cv-00150 JMM-JTK, 2013 WL 4431320, at *3 (E.D. Ark. Aug. 16, 2013) ("Whether a claim is procedurally defaulted is a completely distinct question from whether it is barred by the AEDPA's statute of limitations."). To the extent that Mr. Crutchfield may be arguing that *Martinez* should be applied to provide for equitable tolling of the statute of limitations, the Court disagrees. *See, e.g.*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) (holding that "the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period").

Third, Mr. Crutchfield objects to Judge Deere's finding that he failed to show an actual innocence claim. This Court agrees with Judge Deere's finding for the reasons contained in the Recommendation.

Lastly, the Court denies as moot all of Mr. Crutchfield's pending motions (Dkt. Nos. 7, 9, 10). Mr. Crutchfield's motion for leave to proceed *in forma pauperis* is moot because he has already paid the $5 filing fee (Dkt. No. 2). As for Mr. Crutchfield's motion to appoint counsel, even if not moot given the nature of this Order, the Court would deny the motion because the

issues are not complex and Mr. Crutchfield is able to present his claims adequately. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

When entering a final order adverse to a habeas corpus petitioner, the Court must issue or deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, there is no basis for this Court to issue a certificate of appealability. Accordingly, a certificate of appealability is denied.

SO ORDERED this the 3rd day of December, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE